Good morning and welcome to the Ninth Circuit. Our first case for argument this morning will be United States v. Caton. Good morning, Your Honors, and may it please the Court, my name I'd like to try and reserve two minutes of my time for rebuttal and I will try and watch the clock in front of me. Your Honor, in this case the district court imposed an electronic search condition on Mr. Caton without making any factual finding on the record to establish a nexus between the condition and the goals of supervision as required by Bayer. That is error. Even if the court finds that Bayer is distinguishable because Bayer involved a suspicionless electronic search condition where here the search condition was based on reasonable suspicion, it is still error when the court imposes a condition and the reasons are not apparent from the record and that was the case here with Mr. Caton. Your client is back in the soup, right? He is currently housed at the Federal Detention Center, Your Honor, yes. So what do we make of that? There's a hearing scheduled for next week? Two weeks? Yeah, I think the 15th, Your Honor. At which time the district court will look at, it's an admitted violation, right? Not yet, Your Honor. He has entered a denial at the initial appearance. He'll be looking at the whole package, right? Yes, the court could revoke the term of supervised release and impose a new judgment, that's correct. Why shouldn't we wait to see what the district court does? Well, Your Honor, I think this is similar to the Kitchen case which is cited by Mr. Caton. There, by the time the Ms. Kitchen was arguing in front of the Court of Appeals, she actually had already had a new judgment and the court found that that was still, she still had an interest in the appeal because that condition she was challenging was within the new judgment and so it was still a... But that's precisely the point. We don't know what will happen. Let's just play it out. Let's play out that, in fact, supervision is revoked and he's put back in custody. Would that moot the appeal? Your Honor, I don't believe so because what Mr. Caton is challenging here is that the court has to make findings on the record, is our position, that the court has to make findings on the record to impose an electronic search condition. But what if that search condition evaporates or is changed and the judge revokes supervision, imposes a same or similar condition, but explains the basis for that? Well, Your Honor, that is what Mr. Caton is asking the court to do, is to . . . No, I assume he asked if the district court were to make a determination that would not be completely favorable to your client but there would still be this clause hanging out there or something similar. You would ask the district court to make findings, correct? Yes, Your Honor. I think I would be more precise in my objection this time around. Then where would that leave us in terms of mootness with respect to this prior condition which may be supplemented, modified, or reimposed? Well, correct, Your Honor. I think we don't know what's going to happen, right? Because there's a couple of things that could happen. The court could just reimpose a condition without making any findings, in which case the case before Your Honors is relevant and alive. So that's option one? Option two, I think, is the court . . . And on option one, if that were to happen, then as you say, even if it weren't clear before and although I think it was perhaps clear that findings needed to be made, you and or the U.S. attorney would ask that findings be made, correct? If the condition were reimposed. Yes, Your Honor. If the court imposed an electronic search condition as it did in this judgment, I would most certainly object as I did last time. But your objection would, I guess, clarify that you'd want to find a basis for the actual finding itself. As I understand it, the prior objection was just that it had been previously raised and rejected by the court, so why bring it up now? Well, Your Honor, I guess my objection would be not that . . . in front of the court should do it right this time . . . well, the court should do it right, but that there is no basis to impose that electronic search condition on the record before the court. You know, that would be my objection at the trial level, I think, because I don't believe that there is . . . not only is it not apparent for the record, which is what this court is looking at, but I don't believe that the district court could make findings that would justify imposing a reasonable suspicion electronic search requirement. But that would be a different appeal than the one we have here. Yes, Your Honor, that would be a different appeal because I think that would be . . . the court . . . this court would . . . oh, I'm sorry, it looks like I'm gone over time. Don't worry. We just want to sort it out. So that would be a different appeal than this one because, you know, as Clare talked about, the reason we want to make findings is so that the court can make a meaningful appellate review of the case before it, and here the court didn't do that, and this court really can't engage in a meaningful appellate review. So Mr. Caton is asking the court to, you know, vacate that condition and give it to the district court. So I will . . . if I have any time remaining, I'll reserve it. Thank you. Thank you. Good morning, Your Honors. Lauren Watt Stanier for the United States. I want to start with the mootness question Your Honor raised, or the potential mootness question, because I think it is an important issue in this case, and you're absolutely right that the district court is set to review Mr. Caton's case on September 13th in a disposition hearing, and any number of results of that hearing could moot or inform the panel's treatment of this case. As defense counsel noted, the district court could revoke the term of supervised release and reimpose conditions on supervised release that differ. The district court could and probably will make findings as to this particular electronic search condition. That is at issue here, which in our view would certainly moot the procedural aspect of this appeal. And, you know, briefly I want to address Kitchen. Kitchen is an interesting case because Judge Friedland actually dissented in Kitchen on the mootness issue, and I think her dissent was persuasive. And we would want to, you know, have the opportunity to talk to the court about whether this case is moot, even if in the unusual circumstance the district court simply reimposes an identical condition without making findings. Counsel, let me ask, what about the doctrine of, or the exception to mootness of capable of repetition yet evading review, which wasn't discussed really in the Kitchen memorandum disposition, but given the government's position that if you say that this search condition can always occur with reasonable suspicion, isn't it possible that the court might reimpose it without explanation and evade our review of that topic? I think it's possible, Your Honor, but possible is a really important word in that question because in my view it's unlikely. Defense counsel will likely impose or object to the condition on the grounds both that it's substantively unreasonable and that findings need to be made. And I know my colleague who's handling the supervised release disposition would nudge the district court to make findings. So I think it's an unlikely scenario that the district court would simply reimpose this precise condition without making findings. But even if it did, in order for this court to review that, in my view, Judge Friedland was right in Kitchen essentially that... You'd have to take a new appeal from a new judgment. That's correct, Your Honor. Were you the lawyer for the government at the hearing that we're discussing today? I was not, Your Honor. That attorney had a trial obligation, so I've stepped in to argue the appeal. The law was pretty clear, wasn't it, at the time these conditions were imposed that district courts are required to provide an explanation, correct? Not in our view, Your Honor. The defense has cited Baer for that notion, but Baer really is a different case than this case for a couple of reasons. First, Baer involved a suspicionless search condition, and with regard to that search condition, Baer held that it was appropriate on the record because the court made findings. Baer did not hold that findings are required in every case, nor could it have held that because the longstanding rule in this circuit is that findings are not required to support every condition of supervised release. So long as the record is sufficient to permit this court to determine whether the district court abused its discretion in imposing that condition. At the September 13 hearing, that is the date, right? That's correct, Your Honor. Is it the government's position that if the district court reimposes the condition, that the government will be under no obligation to suggest to the district court that it explain the reasons for imposing that condition? To be clear, Your Honor, this case involves an electronic search condition that requires reasonable suspicion, so it's not the type of suspicionless condition at issue in Baer. I think as a practical matter, the government probably would suggest to the district courts that findings would be helpful, but that gets to the standard of review here, which is whether the error was a failure to make findings was a plain error, and it wasn't. In the context of Baer, and in the context of the longstanding rule, which again derives from Cardi, that the district court need not make specific findings as to each condition of supervised release. And this court and the district court may make inferences from the record as a whole, including the PSR, in order to determine whether that condition is technically reasonable. Well, instead of asking the three of us on a voluminous record to search out an explanation which may not be apparent from the transcript of the proceeding . . . Can I finish? Yes, of course. I apologize. Why not suggest to the district court when it's about to impose a condition and offers no explanation whatsoever for it? Is there anything wrong with the government suggesting to the court that it explain? No, Your Honor. I don't think it would be wrong for the government to suggest to the court that it would explain, but the question here is whether it was plain error for the court to not make those findings on this record. Well, I guess what I'm getting at is a teaching point, and that is . . . I understand, Your Honor. I said to the government myself that when you're at one of these hearings, you're not simply sitting there as a stone in the brook. If you can avoid an issue on appeal, one way to do it is to politely explain to the district court that it really should explain the reasons for imposing a particular condition. I understand, Your Honor. I'd like to discuss a little bit the context of this record because I think it is a little bit more robust than perhaps . . . You're not about to tell me that what I suggested is a bad idea. No, Your Honor. Of course not. You'll probably convey the essence of that comment as well as the transcript or the YouTube recording to your colleague, correct? Correct, Your Honor. That's correct. Before you go to the next point, the standard of review is an issue here because there was an objection about this condition being imposed, but it was not imposed before. The defense counsel made this objection. Why isn't this case like Rudd, which is an abusive discretion review, as opposed to plain error review? It's really the manner of the objection that you need to look at, Your Honor. Defense counsel objected to the fact of this condition, but didn't object to the procedural aspects, so essentially to the failure to make findings as to this specific condition. But the same thing happened in Rudd as well. It was a general objection, and counsel was objecting to any conditions that were different from what had come up in a settlement agreement, and yet that court construed that objection really both in procedural and substantive terms. Here you have a similar situation where you've had this search condition suggested by probation a couple of times, and the court had previously rejected it without explanation, and now imposed it without explanation. Why shouldn't the objection be construed by us as something that was both procedural and substantive? Well, the first reason, Your Honor, is that defense counsel opened her brief by saying that plain error review applies to the procedural aspect of this appeal. I understand that. I was going to ask her about that, but then time got away from us, so you're at the other end of the question. I understand, Your Honor. I'm not sure that parties' agreement on the standard of review binds the court in any way. And even if it doesn't, you know, a good case to look at is Watson. Watson was the case in which the defense counsel objected in the same manner here to the condition that Mr. Watson not come into San Francisco without notice to the probation officer. The procedural aspect of that case was notice, essentially that the district court imposed that condition without first giving the defendant notice. So the district court imposed it at the hearing. And the court reviewed the notice aspect on plain error review and found, you know, on the third prong of plain error, that there was no prejudice. But in that case, the real problem that the defense was objecting to was that it was constitutionally overbroad. And so then this whole procedural notice issue was new on appeal. And our issue is not new on appeal. I think another way to think about this, and that's true in a sense, Your Honor, but another way to think about this standard of review is the purpose of a procedural challenge or the purpose of plain error, and I see I'm running out of time so I'll be quick, is to give the district court the chance to correct that error below. And I think, you know, that's really where plain error does a lot of important work here, which is the sense that there's no prejudice. You know, the district court, he acknowledged specifically this condition. He acknowledged twice the objection, yet he imposed the condition, yet the district court imposed the condition anyway. And in our view, that record establishes, you know, lack of prejudice here, that the district court, if defense had objected to this procedural aspect, simply would have made findings and imposed this condition. Thank you. Thank you, Your Honor. We would ask that the court affirm. I think in any event, we're all standing by to see what happens next, and I'm sure we'll hear from one or both of you with respect to that. Thank you, Your Honor. A couple of things here. First is to the mootness. You know, I appreciate the court's point that this is capable of replication, and I also appreciate the court taking this opportunity as a teaching moment. However, I think, you know, it took Mr. Caton a year to get here, right? I mean, this hearing happened a year ago. So from Mr. Caton's perspective, he has an interest in getting this resolved quickly, and if the court were to make the same error again, not waiting another year to get back before the court. So he does have an interest in getting this resolved, and I think it is more effective in preventing future errors like this for the court to rule on this rather than, you know, what you should be doing in this case. As to the plain error, you know, I didn't invite the court to find that my objection was proper and that the review is not plain error. I think the court's findings in this case would be the same whatever standard of review that it used. I think this is plain error. It is error. It is clear and obvious. The government tries to defeat that it's clear and obvious by saying that, well, there's some unsettled law about whether or not Bayer applies here and the court has to make findings on the record. That, I think, is irrelevant. Either Bayer applies and the court has to make findings on the record or it has to be apparent from the record, which it doesn't here. So both standards get to the same result. You objected at the time to the imposition of this condition? I did, Your Honor. Is that correct? Yes, I objected to it in writing in a memorandum and then at the time and then after it was imposed. And in any of those, did you ask for an explanation for its imposition? No, Your Honor. I believe that I pointed out that it had not been imposed previously. I think, in my mind, the implication was that the court was doing something different than it had done two months ago based on essentially the same facts without explanation. And as to the same posture in the hearing in July of 2021, the government, in its brief, cites a number of facts or allegations from the supplemental record that it filed, which is the probation allegations from 2 through 5 from the July hearing. Those allegations, while part of this appellate record, were not part of the record before the court at the time. Mr. Caton denied those allegations. In the record, there is the docket entry with the minute entry. He denied those allegations. The court found he had not committed those violations. And in his allocution to the court, he did not make any admissions about the substance of those allegations. So those allegations were not properly before the court as something that they could base their decision on about the condition. So if we disagreed with you about the abuse of discretion standard and it was on plenary review, your point is that the unsettled nature that the government was raising isn't applicable because under Blinken, Sopp, Cardi, these other cases, a statement of reasons for the sentence has to be made unless it's apparent from the record. Well, Your Honor, our position is that under Barrett, for a condition, electronic search condition, it has to be made no matter what. But even if the court were to find that Barrett did not apply, that it would be like any other condition which has to be apparent from the record. And it is not apparent from the record here. And that's especially noticeable here because two months earlier, on essentially the same situation, the court did the opposite of what it did in the July hearing. I see I'm out of time. So thank you. Thank you. Thank you both for your arguments this morning. The case just argued of United States v. Caton is submitted.
judges: HAWKINS, McKEOWN, SANCHEZ